UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAVEY TREE EXPERT COMPANY, | ) | CASE NO.: 5:23-cv-00961 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | |
| PUERTO RICO DISASTER | ) | **MEMORANDUM OF OPINION AND** |
| RECOVERY, LLC, | ) | **ORDER** |
| | ) | (Resolving Docs. 10, 11 and 12) |
| Defendant. | ) | |

This matter comes before the Court on Puerto Rico Disaster Recovery, LLC's ("Defendant") *Motion for a More Definite Statement*. Doc. 10. The Davey Tree Expert Company ("Plaintiff") filed a response in opposition. Doc. 11. Defendant filed an additional reply in support. Doc. 12. For the foregoing reasons, the Motion is DENIED. Defendant is permitted 14 days from the entry of this order to file its response to Plaintiff's Complaint.

I.  STATEMENT OF FACTS

Plaintiff filed the *Complaint* (Doc. 1) (the "Complaint"), initiating this civil action, wherein Plaintiff discusses its business relationship with Defendant, including subcontracts on four projects, detailed by Subcontract Service Agreements (the "Service Agreements") which are the subject of this dispute. Doc. 1, ¶¶ 1-2. The Complaint lists the Service Agreements as the: A) "Green Mountain Power Project," B) "New Hampshire Electric Cooperative Project," C) "Appalachian Power Company Project," and D) "Knoxville Utilities Board Project" and details alleged factual circumstances and individual damages incurred relating to each. Doc. 1, ¶¶ 12-33. Last, Plaintiff raises its "Count One (Breach of Contract)," alleging Defendant breached the terms of each of the Service Agreements by "failing to satisfactorily perform the agreed services…in

1

compliance with the terms…causing property damage…" and noting a total $700,000 in compensatory damages. Doc. 1, ¶¶ 42-44.

Defendant then filed this *Motion for a More Definite Statement* (the "Motion") (Doc. 10) pursuant to Rule 12(e) of the Federal Rules of Civil Procedure (the "Federal Rules"), wherein it alleges the Complaint violates Federal Rule 10(b) by providing a singular count for breach of contract that incorporates all four Service Agreements. Doc. 10, pp. 4-6. Defendant indicates this type of pleading is an improper "shotgun pleading," the Complaint is unclear and ambiguous, and it impedes Defendant's ability to proceed with defenses and discovery. Doc. 10, pp. 4-6. Plaintiff filed the *Memorandum in Opposition to Defendant Puerto Rico Disaster Recovery, LLC's Motion for a More Definite Statement* (Doc. 11) wherein it notes 1) that each of the Service Agreements detailed a similar scope of work, highlighting the subheadings of the Complaint that provided individual descriptions of each, and 2) the exhibits attached to the Complaint, containing copies of each of the alleged breached Service Agreements. Doc. 11, pp. 1-2. Plaintiff argues that the Complaint is not an improper "shotgun pleading" because the singular count for breach of contract and detail surrounding each of the Service Agreements should provide clarity to the extent Defendant can formulate a response. Doc. 11, pp. 5-7. Plaintiff also alleges Defendant improperly relies on Federal Rule 10(b), noting an alleged incorrect interpretation and recitation of same.[1] Doc. 11, p. 6. Last, Defendant filed its *Reply in Support of Defendant Puerto Rico Disaster Recovery, LLC's Motion for a More Definite Statement* (Doc. 12) (the "Reply"), indicating it only takes issue with paragraphs 34 to 44 of the Complaint as it combines four separate transactions

---

[1] Plaintiff directs the Court's attention to Defendant's partial quote of Federal Rule 10(b), wherein it indicates Rule 10(b) states "to 'promote clarity, each claim founded on a separate transaction or occurrence…must be stated in a separate count.'" Doc. 10, p. 4.

2

into one count of breach of contract, rendering Defendant unable to reasonably answer and clearly present the issues. Doc. 12, p. 2.

## II. LEGAL STANDARD

Federal Rule 12(e) provides "a party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The burden is on the movant to demonstrate the pleading is too vague or ambiguous to permit a response by identifying the deficiencies, listing the details they seek, and asserting an inability to frame a response. *Clark v. Lafayette Place Lofts*, No. 14-12519, 2015 U.S. Dist. LEXIS 197970, at *3 (E.D. Mich. Jan. 20, 2015). Courts should consider the pleadings liberally, analyzing the defendant's familiarity with the claims and whether the complaint is intelligible, apprising defendants of the facts and authority relied on to support the claim(s). *Id.* at *4. Additionally, "[f]ederal courts generally disfavor motions for more definite statements." *Id.* at *3 (citing *Fed. Ins. Co. v. Webne*, 513 F. Supp.2d 921, 924 (N.D. Ohio 2007)).

Federal Rule 10(b) directs parties to state their claims or defenses in numbered paragraphs limited, as far as practicable, to a single set of circumstances. Fed. R. Civ. P. 10(b). It further provides "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence [] must be stated in a separate count []." Fed. R. Civ. P. 10(b). While motions for a more definite statement pursuant to Federal Rule 12(e) generally assert deficiencies related to Federal Rule 8, Rule 12(e) is also the appropriate vehicle where the pleading allegedly violates Rule 10(b). *Loggins v. Costco Wholesale Corp.*, No. 2:22-cv-02026-TLP-tmp, 2022 WL 2161521, at *3 (W.D. Tenn. June 15, 2022). Separate counts have been required where multiple claims are asserted, the claims arise out of separate transactions or occurrences, and where they will facilitate clear presentation of the issues to provide for informed pretrial proceedings. *Bautista v. Los*

*Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000). It is, for example, improper for plaintiffs to include several causes of action in one sentence. *See Lee v. Ohio Educ. Ass'n*, 951 F.3d 386, 392-93 (6th Cir. 2020) (discussing plaintiff's inclusion of seven state-law causes of action in one sentence and failure to connect facts or events to the causes of action as problematic and deficient); *see also In re Jackson (Mayo v. Jackson)*, No. 20-50811, 2020 WL 7634502, at *4 (Bankr. E.D. Ky. Dec. 18, 2020). A complaint that combines several counts against multiple defendants, without an indication of which cause of action relates to which party, is also improper under Federal Rule 10(b). *See Loggins*, 2022 WL 2161521, at *3 (noting improper "shotgun pleading" generally arises in disputes involving multiple defendants because parties do not receive notice of who is liable for each count). Last, a defendant's claim that separate counts are required to determine their defenses is not a proper reason for granting a motion for more definite statement. *Northwest Airlines, Inc. v. Gleen L. Martin Co.*, 9 F.R.D. 551, 553 (N.D. Ohio 1949).

### III.  ANALYSIS

In its Motion and Reply (Docs. 10 and 12), Defendant generally attempts to satisfy its burden of demonstrating that the Complaint is vague and ambiguous by arguing that the singular breach of contract action improperly incorporates all four of the Service Agreements, leaving it unable to reasonably formulate a response as there may be separate defenses and/or counterclaims with respect to each underlying Service Agreement. Defendant further relies on Federal Rule 10(b) to assert that the one count may not combine separate transactions or occurrences.

First, the Court finds the Complaint is intelligible, using plain language and structured headings for an introduction, the parties involved, the four Service Agreements (each involving its own factual background and claim for damages), and the allegation (Count One) that Defendant breached each of the Service Agreements. *See Clark v. Lafayette Place Lofts*, No. 14-12519, 2015

U.S. Dist. LEXIS 197970, at *4 (E.D. Mich. Jan. 20, 2015). The Complaint is, therefore, not so vague or ambiguous that a response cannot reasonably be prepared.

Next, the Court finds that the Complaint does not violate Federal Rule 10(b) because it is clear as outlined. Regardless of whether each Service Agreement should be considered a separate transaction or occurrence, Plaintiff 1) provides a description of each Service Agreement and the facts relating to each alleged breach before incorporating all into one breach of contract cause of action, and 2) attaches each Service Agreement as an exhibit. Doc. 1; *see Lee v. Ohio Educ. Ass'n*, 951 F.3d 386, 392-93 (6th Cir. 2020). The structure of the Complaint makes it clear to this Court that the facts detailed in each of the subheadings relate to the applicable and separate underlying Service Agreements, and all Service Agreements are connected to one type of action (breach of contract) against one defendant (Puerto Rico Disaster Recovery, LLC). *See Lee*, 951 F.3d at 392-93, *Loggins v. Costco Wholesale Corporation*, No. 2:22-cv-02026-TLP-tmp, 2022 WL 2161521, at *3 (W.D. Tenn. June 15, 2022). Therefore, the Complaint does not constitute an improper "shotgun pleading," requiring a separation of counts for informed pretrial proceedings. *See Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000). While Plaintiff may have chosen to outline four separate causes of action relating to the alleged breach of each Service Agreement, Defendant's argument that it cannot neatly organize defenses and counterclaims relating to a single count (*see* Doc. 10 at p. 6) is not a sufficient reason to grant this Motion. *See Northwest Airlines, Inc. v. Gleen L. Martin Co.*, 9 F.R.D. 551, 553 (N.D. Ohio 1949).

Accordingly, the Court finds the Complaint complies with Federal Rule 10(b) and Defendant's Motion is therefore DENIED.

## IV. CONCLUSION

For the reasons stated above, Defendant Puerto Rico Disaster Recovery, LLC's *Motion for a More Definite Statement* (Doc. 10) is DENIED. Defendant is provided 14 days to file a response to Plaintiff Davey Tree Expert Company's *Complaint* (Doc. 1).

**IT IS SO ORDERED.**

<u>November 6, 2023</u>                                            <u>*/s/ Judge John R. Adams*        </u>
DATE                                                                      JOHN R. ADAMS
                                                                                   UNITED STATES DISTRICT JUDGE